UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY BAUBLITZ,

    Petitioner,

v.                              CASE NO. 14-10768
                                  HONORABLE GEORGE CARAM STEEH

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. #7),
GRANTING PETITIONER'S MOTION TO FILE EXCESS PAGES (Dkt. #15),
DENYING PETITIONER'S CROSS MOTION FOR SUMMARY JUDGMENT (Dkt. #13),
DENYING PETITIONER'S MOTION TO CERTIFY QUESTIONS (Dkt. #14), AND
DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Gary Baublitz has filed a pro se pleading seeking the writ of habeas corpus under 28 U.S.C. § 2241 and a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. The pleading challenges petitioner's state conviction and life sentence for second-degree murder, Mich. Comp. Laws § 750.317. On August 26, 2014, respondent Bonita Hoffner moved for summary judgment and dismissal of the petition on the ground that the habeas petition is untimely. Petitioner subsequently filed a cross motion for summary judgment, a motion for a declaratory ruling, and a motion for leave to file a brief in excess of twenty pages. The Court agrees with respondent that substantive review of petitioner's claims is barred by the one-year statute of limitations. Accordingly, respondent's motion for summary judgment will be granted, petitioner's

cross-motion for summary judgment will be denied, and this case will be dismissed.

## I. BACKGROUND

In 1981, petitioner was charged in Lenawee County, Michigan with open murder for his role in the murder of his father. On September 14, 1981, petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and on October 28, 1981, the trial court sentenced petitioner to life imprisonment with the possibility of parole.

Petitioner filed a claim of appeal through appointed counsel, but his attorney later moved to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967).[1] The Michigan Court of Appeals granted counsel's motion, determined that the appeal was "wholly frivolous," and affirmed petitioner's conviction. See People v. Baublitz, No. 61100 (Mich. Ct. App. July 9, 1982). Petitioner did not appeal that decision to the Michigan Supreme Court.

Petitioner subsequently filed a pro se delayed application for leave to appeal, arguing that his guilty plea was illusory and his sentence unfair and that his appellate

---

[1] The Supreme Court stated in Anders that, if appellate counsel

> finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Anders, 386 U.S. at 744.

attorney was ineffective. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." See People v. Baublitz, No. 76024 (Mich. Ct. App. June 29, 1984). Petitioner did not appeal that decision to the Michigan Supreme Court.

In 1986, petitioner filed a pro se motion to vacate his sentence on the ground that he was entitled to a minimum and a maximum sentence under the State's indeterminate-sentence law. The trial court denied his motion, and the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal "for lack of merit in the ground presented." See People v. Baublitz, No. 97792 (Mich. Ct. App. Oct. 12, 1987). Petitioner did not appeal the Court of Appeals decision to the Michigan Supreme Court, but, in 1988, he filed a renewed motion to vacate sentence, which the trial court denied on August 19, 1988.

In 2004, petitioner filed a pro se motion for relief from judgment, alleging that his sentence was invalid and that he was denied effective assistance of trial and appellate counsel. The trial court denied his motion after concluding that petitioner's claims about trial counsel lacked merit and were not supported by the record, that his sentence was valid, and that appellate counsel was not ineffective. See People v. Baublitz, No. 81-02-1336-FY (Lenawee County Cir. Ct., June 2, 2004). Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). See People v. Baublitz, No. 263118 (Mich. Ct. App. Feb. 10, 2006). On September 26, 2006, the Michigan Supreme Court denied leave to appeal for the same reason, see People v. Baublitz, 477 Mich. 867; 721 N.W.2d 220 (2006), and on January 29, 2007,

the supreme court denied reconsideration. See People v. Baublitz, 477 Mich. 1008; 726 N.W.2d 30 (2007).

On June 18, 2013, petitioner filed a motion for relief from judgment through counsel. He claimed that he was entitled to be resentenced under Miller v. Alabama, 132 S. Ct. 2455 (2012), because he was under eighteen years of age when the crime was committed and because his youthfulness was not considered at sentencing. The trial court denied the motion as a second or successive motion for relief from judgment after concluding that Miller did not apply to the facts in petitioner's case.[2] See People v. Baublitz, No. 81-02-1336-FY (Lenawee County Circuit Ct. July 29, 2013).

Finally, on February 11, 2014, petitioner signed and dated his habeas corpus petition, and on February 19, 2014, the Clerk of the Court filed the petition. The grounds for habeas relief appear to be: (1) Michigan's penalty of life imprisonment constitutes a bill of attainder in violation of the Michigan and Federal Constitutions; (2) the Michigan Legislature has exceeded its power in violation of the Federal Constitution; (3) Michigan has suspended the writ of habeas corpus by failing to provide appropriate rules of procedure for state complaints for the writ of habeas corpus; and (4) life imprisonment is an illegal penalty. Petitioner seeks a declaratory ruling on the constitutionality of life sentences and on the procedures for filing a complaint for the writ

---

[2] The Supreme Court held in Miller that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " Miller, 132 S. Ct. at 2460. Petitioner was not sentenced to mandatory life imprisonment, and his life sentence for second-degree murder offers the possibility of parole. See People v. Harris, 224 Mich. App. 130, 132; 568 N.W.2d 149, 150 (1997) (concluding that the trial court correctly informed the defendant at the guilty plea hearing that "a second-degree murder sentence presented the possibility of parole whereas a first-degree murder sentence did not").

of habeas corpus in state court. As noted above, respondent argues in a motion for summary judgment that petitioner's claims are time-barred.

## II. ANALYSIS

### A. The Statute of Limitations

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent's motion for summary judgment is based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEPDA governs this case because petitioner filed his habeas petition in 2014, long after AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Muniz v. Smith, 647 F.3d 619, 622 (6th Cir. 2011).

AEDPA established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. Wall v. Kholi, 562 U.S. 545, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitations ordinarily runs from the latest of four specified dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims

>  presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner is not relying on a new and retroactive constitutional right or on newly discovered facts, and he has not demonstrated that the State created an impediment to filing a timely habeas petition. Therefore, his petition is governed by 28 U.S.C. § 2244(d)(1)(A). His conviction became final under § 2244(d)(1)(A) at the conclusion of his direct appeal in 1982. However, because AEDPA's statute of limitations was enacted in 1996, he was entitled to a one-year grace period (from April 24, 1996, when AEDPA was enacted through April 23, 1997) to file his habeas petition. Stokes v. Williams, 475 F.3d 732, 733-34 (6th Cir. 2007).

Petitioner did not file his habeas petition until 2014, and even though the limitations period is tolled while a properly filed post-conviction motion is pending in state court, Kholi, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)), petitioner filed his first post-AEDPA motion for relief from judgment in 2004. By then, the limitations period had expired. His motion and subsequent appeal from the trial court's decision on his motion did not revive the limitations period or re-start the clock at zero. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); Hargrove v. Brigano, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid, 991 F. Supp. at 259. Petitioner's habeas petition, therefore, is time-barred, absent equitable tolling of the limitations period or a

credible showing of actual innocence.

## B. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting Holland's two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner was not diligent in pursuing his rights after AEDPA was enacted in 1996. In fact, he waited almost eight years to file his first motion for relief from judgment in state court. And even though he cites a great deal of law and seeks tolling of the limitations period "under principals (sic) of fair and equitable dealings," see Reply to the Return, at 3, he has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. He contends that the state court lacked subject-matter jurisdiction and that the state court judgment was invalid. But state circuit courts "have original jurisdiction over all criminal cases involving felonies." People v. Scott, 275 Mich. App. 521, 523 n.1; 739 N.W.2d 702, 704 n.1 (2007). The Lenawee County Circuit Court therefore had subject-matter jurisdiction in petitioner's case, and his sentence of life imprisonment is valid under state law. See Mich. Comp. Laws § 750.317 (stating that the penalty for second-degree murder is life imprisonment or any term of years in the discretion of the trial court). The Court concludes that petitioner is not entitled to equitable tolling of the limitations period.

### C. Actual Innocence

The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment is the expiration of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Nevertheless, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner pleaded guilty to second-degree murder, and he admitted at the plea proceeding that he prepared a floor plan of his father's house to assist the individuals who ultimately killed his father. He has not presented the Court with any new evidence of actual innocence. Therefore, a claim of actual innocence is unavailable, and AEDPA's limitations period applies.

### III. CONCLUSION

To summarize, the statute of limitations was enacted on April 24, 1996. The deadline for filing a habeas corpus petition in federal court was April 24, 1997. Petitioner filed his habeas corpus petition in 2014. Statutory tolling under § 2244(d)(2) does not help him because the limitations period expired before he filed his post-AEDPA motions for relief from judgment. Petitioner also is not entitled to equitable tolling of the limitations period, and he has not shown that he is actually innocent of the crime for which he is imprisoned.

The Court concludes that there is no genuine dispute as to any material fact and

that respondent is entitled to judgment as a matter of law. Accordingly,

- respondent's motion for summary judgment and dismissal of the habeas petition (Dkt. #7) is **GRANTED**;

- petitioner's cross motion for summary judgment (Dkt. #13), which seeks expungement of petitioner's conviction, is **DENIED**;

- petitioner's motion to certify questions and for a declaratory ruling (Dkt. #14) is **DENIED**;

- petitioner's motion for leave to file a brief in excess of twenty pages (Dkt. #15) is **GRANTED**; and

- the habeas petition is **DISMISSED** with prejudice for failure to comply with the statute of limitations.

## IV. REGARDING A CERTIFICATE OF APPEALABILITY AND THE APPELLATE FILING FEE

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. The Court therefore declines to grant a certificate of appealability. Nevertheless, if petitioner chooses to appeal this decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: January 28, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 28, 2015, by electronic and/or ordinary mail and also on Gary Baublitz #164662, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Barbara Radke
Deputy Clerk