UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY BAUBLITZ,

    Petitioner,

v.                             CASE NO. 14-10768
                               HONORABLE GEORGE CARAM STEEH

BONITA HOFFNER,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RECONSIDERATION (Dkt. 18) AND
## DENYING AS MOOT PETITIONER'S APPLICATION
## TO PROCEED IN FORMA PAUPERIS ON APPEAL (Dkt. 20)

On February 19, 2014, petitioner Gary Baublitz filed a pro se petition for a writ of habeas corpus. The petition challenged petitioner's 1981 conviction and sentence of life imprisonment for second-degree murder, Mich. Comp. Laws § 750.317. Respondent Bonita Hoffner moved for summary judgment and dismissal of the petition on the ground that the habeas petition was not filed within the statute of limitations. The Court agreed with respondent that substantive review of petitioner's claims was barred by the one-year statute of limitations. Accordingly, on January 28, 2015, the Court granted respondent's motion for summary judgment, denied petitioner's cross-motion for summary judgment, and dismissed the habeas petition with prejudice. On February 18, 2015, petitioner filed a motion for reconsideration, and on March 4, 2015, he filed a notice of appeal and an application to proceed in forma pauperis on appeal.

## I. The Motion for Reconsideration

Petitioner's motion for reconsideration:

> is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rule 7.1(g).[1] The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration.

Indah v. U.S. S.E.C., 661 F.3d 914, 924 (6th Cir. 2011) (footnote in original). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Hawkins v. Genesys Health Systems, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Petitioner cites a substantial amount of case law in his thirteen-page motion, but he has not alleged any basis for concluding that the Court's analysis of the statute of limitations, as applied to his case, was incorrect. Petitioner uses the phrases "actual innocence" and "extraordinary circumstances" in his motion, but the Court determined in its dispositive opinion that Petitioner had failed to show he was actually innocent or that some extraordinary circumstance prevented him from filing a timely habeas petition. And even though petitioner states that the Court failed to consider his argument that respondent's motion for summary judgment was untimely, the record demonstrates that respondent filed her motion in a timely manner. The Magistrate Judge ordered respondent to file a response to the petition by August 28, 2014 (Dkt. 3), and on August 26, 2014, respondent filed a timely motion for summary judgment (Dkt. 7).

---

[1] This provision is currently contained in Local Rule 7.1(h).

Petitioner has failed to show that the Court's opinion and order dismissing his case contains a palpable defect. Consequently, his motion for reconsideration (Dkt. 18) is denied.

## II. The Application to Proceed In Forma Pauperis on Appeal

Petitioner has asked the Court for permission to proceed in forma pauperis on appeal and for leave to use the original record rather than produce copies of the record. Petitioner's request is moot because the Court granted petitioner permission to proceed in forma pauperis on appeal when it issued its dispositive opinion. *See* Op. and Order Granting Resp't Mot. for Summ. J., Dkt. 16 at page 10. Consequently, the application to proceed in forma pauperis on appeal and for leave to use the original record (Dkt. 20) is denied as moot.

Dated: April 21, 2015

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 21, 2015, by electronic and/or ordinary mail and also on Gary Baublitz #164662, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Barbara Radke
Deputy Clerk